IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHERYL VALENCIA,

       Plaintiff,

v.                                                                                                                             CV 19-0631 JHR

ANDREW SAUL, Commissioner
of Social Security,

       Defendant.

## MEMORANDUM OPINION AND ORDER

       This matter comes before the Court on Plaintiff Cheryl Valencia's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum. [Doc. 21]. Briefing was completed on Ms. Valencia's Motion on May 13, 2020. [Docs. 25, 26]. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties consented to the undersigned Magistrate Judge resolving Ms. Valencia's challenge to the Commissioner's Final Decision on her application for Social Security benefits and entering Final Judgment in this appeal. [Docs. 4, 7 & 8]. Having reviewed the parties' briefing and the Administrative Record ("*AR*"),[1] the Court grants Ms. Valencia's Motion, reverses the Commissioner's Final Decision denying her benefits under the Social Security Act, and remands this case for further administrative proceedings.

    **I.**      **INTRODUCTION**

       This case turns on whether the Appeals Council should have considered additional evidence submitted by Ms. Valencia after she received the unfavorable decision from the Administrative Law Judge ("ALJ") in her case. The Commissioner agrees that the evidence,

---

[1] Documents 12 through 12-40 comprise the sealed Certified Transcript of the Administrative Record ("*AR*") for this appeal. The Court cites the Record's internal pagination, rather than the CM/ECF document and page numbers assigned when it was filed in this Court.

consisting of a psychological report authored by Robert Krueger, Ph.D., conflicts with the residual functional capacity supporting the ALJ's Final Decision denying Ms. Valencia benefits under the Social Security Act. Nonetheless, the Commissioner argues that the report does not outweigh the other substantial evidence supporting his decision. However, as discussed below, whether the Commissioner's decision is supported by substantial evidence in light of Dr. Krueger's report is not the question. Instead, it is whether the Appeals Council should have at least *considered* the report – an issue of law subject to a *de novo* determination. Having conducted this review, the Court agrees with Ms. Valencia that the Council's reason for discarding Dr. Krueger's report is unsupported and contrary to law, requiring the reversal and remand of this case for further proceedings.

## II.     PROCEDURAL HISTORY

Ms. Valencia applied for disability insurance benefits under Title II of the Social Security Act on April 15, 2016. *AR* at 284-288. She later applied for supplemental security income benefits under Title XVI of the Act on April 28, 2016. *AR* at 289-295. In both applications Ms. Valencia alleged a disability onset date of April 11, 2016, due to, as summarized by the Administration, "Fibromyalgia, Chronic Pain, Anxiety, Depression, Left Bundle Branch Block, Hypertension, PTSD, Morbid Obesity, Sleep Apnea, Back Injury," and other "emotional issues." *See AR* at 103-104, 118-119, 284, 289. The Administration denied Ms. Valencia's applications at the initial and reconsideration stages of review, so she requested a de novo hearing before an administrative law judge ("ALJ"). *AR* at 103-167, 189-205. ALJ Frederick E. Upshall, Jr., held a hearing on Ms. Valencia's applications on December 19, 2017, at which Ms. Valencia and Vocational Expert ("VE") Sandra Trost were questioned by the ALJ and Ms. Valencia's attorney. *See AR* at 50-102.

Ms. Valencia testified she had greatly reduced her hours working in a reporting capacity for a Bernalillo County senior center because of her alleged conditions. *AR* at 58-59. Ms. Valencia clarified that she could not work at a greater capacity because of chronic pain from a pelvic injury, fibromyalgia, and a bone spur in her neck. *See AR* at 66-67. She stated that her pain radiates throughout her back and neck, is focused on her right side, and affects her feeling in her right arm, causing an inability to comfortably stand, sit or sleep. *AR* at 67-68. Because of a constant "pinching" feeling in her neck, Ms. Valencia stated that her pain is usually an 8-10/10, which leaves her feeling irritated. *AR* at 68-69. Ms. Valencia also testified that she suffers from chronic migraines, has a history of left bundle branch block, and has problems with her Achilles tendon due to bone spurs. *AR* at 69-77. Ms. Valencia also reported mental health impairments, including depression, anxiety, and trouble interacting and getting along with her medical providers. *AR* at 77-86.

The ALJ then addressed his questions to the vocational expert. *AR* at 92-102. Having reviewed Ms. Valencia's file and heard her testimony at the hearing, the VE testified that a hypothetical person with Ms. Valencia's limitations would be unable to perform her past relevant work as a case aid, financial aid counselor assistant, or a patient scheduler. *AR* at 94-95. The VE did opine that such a person would be able to work as a bottle capper, silver wrapper, or a photocopy machine operator, but she qualified that opinion in response to questioning by the ALJ and Ms. Valencia's attorney. *AR* at 95-99. Specifically, the VE testified that such a person could not maintain employment if she responded inappropriately to coworkers or supervisors, was unable to consistently concentrate and stay on-task for two-hour blocks of time (or was off task more than 10% of the workday), was unable to consistently keep pace with other workers, or missed more than one day of work a month. *AR* at 95-100.

The ALJ issued an unfavorable decision on August 31, 2018, finding that Ms. Valencia retained the ability to work as described by the VE and denying benefits. *AR* at 168-188. Ms. Valencia submitted a Request for Review of Hearing Decision/Order to the Appeals Council on September 27, 2018. *AR* at 283. Later, on November 21 and December 17, 2018, her attorney sent additional evidence to the Council pursuant to 20 C.F.R. § 404.970(b). The evidence, a report and associated assessments authored by Dr. Robert Krueger, Ph.D., was dated November 11, 2018, and Ms. Valencia asserted that it was "new, material and chronologically pertinent" as required by Section 404.970(b). *AR* at 15-35. The Appeals Council denied Ms. Valencia's request for review on May 14, 2019, *AR* at 1-6, rendering the ALJ's decision the Final Decision of the Commissioner for the purposes of this appeal. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). Pertinent to this appeal, the Council determined that Dr. Krueger's report and opinion "does not relate to the period at issue", *AR* at 2, and therefore "does not affect the decision about whether you were disabled beginning on or before August 31, 2018." *Id.* The Council did not designate Dr. Krueger's report as an exhibit nor otherwise add it to the Record. *AR* at 2, 5. Instead, the Council notified Ms. Valencia that if she wanted the Administration to consider whether she was disabled after August 31, 2018, she would have to apply again. *AR* at 2.

Ms. Valencia timely initiated this appeal on July 12, 2019, and, after extensions, briefing was completed on her motion to remand on May 13, 2020. [Docs. 1, 21, 25, 26 27]. This Court has jurisdiction to review the Appeals Council's decision to disregard Dr. Krueger's report and the Commissioner's Final Decision pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(a).

### III.  THE COMMISSIONER'S FINAL DECISION

A claimant seeking social security benefits under the Act must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(l)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[2]

At Step One of the sequential evaluation process, the ALJ found that Ms. Valencia has not engaged in substantial gainful activity since her alleged onset date. *AR* at 174. At Step Two, he determined that Ms. Valencia has the following severe impairments: Anxiety, Personality Disorder, Somatoform Symptom Disorder, and Fibromyalgia. *AR* at 174. At Step Three, the ALJ concluded that Ms. Valencia's combined impairments do not meet or medically equal the regulatory "listings" which presumptively establish disability. *AR* at 174-176. Ms. Valencia does not challenge the ALJ's findings at Steps One through Three in this appeal. [*See generally* Docs. 21, 26].

When a claimant does not meet a listed impairment, the ALJ must determine the extent to which she remains able to work (her "residual functional capacity" or "RFC") before proceeding to identify past jobs she can still do at Step Four, or other jobs she can do despite her limitations at Step Five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e). "RFC is not the least an individual can do

---

[2] The Tenth Circuit summarized these steps in *Allman v. Colvin,* 813 F.3d 1326, 1333 n. l (10th Cir. 2016):

> At step one, the ALJ must determine whether a claimant presently is engaged in a substantially gainful activity. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). If not, the ALJ then decides whether the claimant has a medically severe impairment at step two. *Id.* If so, at step three, the ALJ determines whether the impairment is "equivalent to a condition 'listed in the appendix of the relevant disability regulations.'" *Id.* (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). Absent a match in the listings, the ALJ must decide at step four whether the claimant's impairment prevents him from performing his past relevant work. *Id.* Even if so, the ALJ must determine at step five whether the claimant has the RFC to "perform other work in the national economy." *Id.*

despite his or her limitations or restrictions, but the most." SSR 96-8p, 1996 WL 374184, at *1. In this case, the ALJ determined that at all relevant times Ms. Valencia retained the RFC to:

> perform light work … except she can lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently. She can sit for six hours in an eight-hour workday, stand or walk for six hours in an eight-hour workday, all with normal breaks. She can occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds. She can occasionally stoop, crouch, kneel, and crawl. She must avoid concentrated exposure to environmental irritants such as fumes, odors, dusts, and gases. Her work is limited to simple, routine, and repetitive tasks; performed in a work environment free of fast paced production requirements; involving only simple, work-related decisions; and with few, if any, changes in the workplace. She cannot interact with the public. She can occasionally interact with coworkers and supervisors.

*AR* at 176. The ALJ employed this RFC at Step Four, where he agreed with the VE's assessment that Ms. Valencia cannot return to her past relevant work. *AR* at 179. At Step Five, he adopted her testimony and found that Ms. Valencia remained capable of work as a bottle capper, silver wrapper, or copy machine operator. *AR* at 180. The ALJ determined that Ms. Valencia was not disabled as defined in the Social Security Act from her alleged onset date (April 11, 2016) through the date of his decision (August 31, 2018) and he denied benefits under Titles II and XVI. *AR* at 181.

## IV.   **LEGAL STANDARDS**

Under the regulations,[3] the Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). This review is subject to, and affected by, whether additional evidence is submitted after the ALJ's decision.

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the

---

[3] The applicable regulations were amended effective January 17, 2017 with compliance required by May 1, 2017.

>period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. §§ 404.970(b), 416.1470(b). Thus, as the Tenth Circuit has explained, the regulations draw a distinction between new and material evidence - which the Appeals Council must "consider" alongside the rest of the evidence in the file - and evidence which is rejected because it does not qualify for consideration. *Padilla v. Colvin*, 525 F. App'x 710, 712 (10th Cir. 2013) (unpublished) (citing *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011)). As the court said in *Padilla*,

>The difference is meaningful. If the Appeals Council did not consider the additional evidence because it did not qualify for consideration … then the question on appeal is whether the Appeals Council erred in failing to do so. If the Appeals Council did accept and consider the new evidence, then the question on appeal is whether the ALJ's decision was supported by substantial evidence in light of the new evidence.

*Id.* n. 1. As opposed to the substantial evidence standard, "[w]hether evidence qualifies for consideration is a question of law subject to *de novo* review." *Id.* at 712 (citing *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir.2003)).

### V.    ANALYSIS

Ms. Valencia presses two arguments in favor of remand. First, she argues that the Appeals Council was required to consider Dr. Krueger's report rather than disregarding it. [Doc. 21, p. 8]. Second, she argues that the ALJ failed to properly weigh the opinion of consultative examiner Paula Hughson, M.D. [*Id.*, p. 16]. The Court is ultimately persuaded that the Appeals Council erred by failing to at least consider Dr. Krueger's opinion. As such, Ms. Valencia's alternative RFC-based argument will not be addressed here "because [it] may be affected [or rendered moot] by the [Administration]'s treatment of [this] case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

7

As noted, the ALJ issued his decision on August 31, 2018, *AR* at 168, and Ms. Valencia thereafter submitted a report and opinion prepared by Robert Krueger, Ph.D., dated November 11, 2018. *See AR* at 15-35. She argues that the Appeals Council was required to at least consider Dr. Krueger's opinion, and that its failure to do so is reversible error under Tenth Circuit law. [Doc. 21, p. 8]. The Court agrees.

Dr. Krueger examined Ms. Valencia on November 9, 2018 and reviewed her medical records to assess her "current cognitive/emotional/behavioral functioning to assist with processing of her disability claim." *AR* at 24. Dr. Krueger conducted a clinical interview lasting two hours with biopsychosocial history and mental status examination, and administration of WAIS-IV testing, the Reading Portion from the WRAT-R, and a Beck Depression Inventory. *AR* at 23-24. Dr. Krueger also reviewed Ms. Valencia's medical and psychiatric records as well as the report of consultative examiner Paula Hughson, M.D. *AR* at 24. Dr. Krueger diagnosed Ms. Valencia with Post-Traumatic Stress Disorder, chronic, Generalized Anxiety Disorder, Major Depressive Disorder, recurrent with moderate severity, Unspecified Neurocognitive Disorder, and Somatic Symptom Disorder, resulting in marked impairment in her ability to maintain persistence and pace and the likelihood of frequent absence from work due to her symptoms. *AR* at 30. Dr. Krueger filled out a form further indicating that Ms. Valencia's ability to concentrate for two-hour segments was markedly impaired, she would be unable to complete a normal workweek without interruptions from her psychologically-based symptoms, and her ability to accept instructions and respond appropriately to criticism from supervisors or get along with coworkers without exhibiting behavioral extremes was at least moderately impaired. *AR* at 16-17. Relevant here, he opined that Ms. Valencia's impairments "clearly are of long-term duration[.]" *AR* at 30.

In contrast, the Appeals Council found that Dr. Krueger's report and testing did "not relate to the period at issue." *AR* at 2. It reasoned that the ALJ decided Ms. Valencia's claim through August 31, 2018, and that Dr. Krueger's report, in November, therefore did not affect the decision about whether Ms. Valencia was disabled before then. *Id.* On appeal, Ms. Valencia argues that Dr. Krueger's report was new, material and temporally relevant. [Doc. 21, pp. 11-15]. The Commissioner addresses none of these standards in his Response, arguing instead that Dr. Krueger's examination occurred nearly two-and-a-half months after the ALJ's decision and is an outlier compared with other record evidence, rendering the ALJ's original decision supported by substantial evidence. [*See* Doc. 25, pp. 7-8].

However, as noted, that is not the test where new and material evidence is submitted. Rather than examine the Commissioner's decision for substantial evidence, the Court must determine whether the evidence should have been considered. This standard is *de novo*, and no deference is paid to the Administration's decision. *Threet*, 353 F.3d at 1191. This result is mandated by the Appeals Council's Order which expressly held that Dr. Krueger's opinion "does not relate to the period at issue" and "does not affect the decision about whether [Ms. Valencia was] disabled beginning on or before August 31, 2018." *AR* at 2, 5. As in *Padilla*, "the Appeals Council's dismissal of the additional evidence's import on the grounds that it was not temporally relevant indicates that it ultimately found the evidence did not qualify for consideration at all." *Padilla*, 525 F. App'x at 712. Likewise, as in *Padilla*, this case "boils down to whether the Appeals Council should have considered the additional evidence." *Id.*

The applicable regulations only mandate consideration of additional evidence if it is "new, material, and chronologically pertinent." *Padilla*, 525 F. App'x at 712. "Evidence is new 'if it is not duplicative or cumulative,' and it is material 'if there is a reasonable possibility that it would

9

have changed the outcome….' Evidence is chronologically pertinent if it relates to the time period on or before the ALJ's decision." *Padilla*, 525 F. App'x at 712. The particular facts of *Padilla* are instructive. The court found the new evidence submitted by the claimant – psychological and audiological evaluations – to meet each prong of the standard for consideration. *See* 525 F. App'x at 712-713. The evidence was new because there was no such evaluation at the time of the decision and the results were not cumulative of existing evidence. *Id.* The evidence was material because it potentially undermined the substantial evidence supporting the ALJ's decision by revealing severe impairments and nonexertional limitations that the ALJ did not address or evaluate and which could potentially affect the outcome of the case. *Id.* Finally, the evidence was temporally relevant and related to the period before the ALJ's decision because it corroborated previous diagnoses by treating doctors prior to the hearing as well as the claimant's testimony at the hearing about his impairments. *Id.*

This case is analogous. Dr. Krueger's report corroborates Ms. Valencia's testimony that she experiences the symptoms of anxiety and depression and suffers from impaired social functioning. Critically, Dr. Krueger concluded that Ms. Valencia's condition is "clearly of long term duration," *AR* at 30, creating a relation back to the period under review by the Commissioner. The Commissioner's position that Dr. Krueger's report is an outlier does not undermine the fact that it is new, non-cumulative, and materially pertinent to Ms. Valencia's mental impairments and nonexertional limitations - some of which would preclude her from work according to the VE's testimony. The Commissioner's position that the report is an outlier is immaterial. Whether corroborative or contradictory of other evidence, the report is temporally relevant.

This Court is not permitted at this stage to review the Commissioner's denial of benefits for substantial evidence; it is simply tasked with determining whether Dr. Krueger's report should

have been considered. And, the Council's sole reason for disregarding the report – that it was temporally irrelevant – is unpersuasive against the backdrop of *Padilla*. Dr. Krueger's report relates to Ms. Valencia's mental health status during the relevant time period and should have been considered by the Appeals Council as a matter of law.

## VI.     CONCLUSION AND ORDER

The applicable regulations required the Appeals Council to at least consider Dr. Krueger's report when deciding whether to affirm the ALJ's decision denying Ms. Valencia benefits rather than disregarding it as temporally irrelevant. Because the Council failed to do so, the Court will reverse the Commissioner's Final Decision and remand this case for further administrative proceedings consistent with this opinion.

Wherefore, **IT IS THEREFORE ORDERED** that Plaintiff Cheryl Valencia's Motion to Reverse and Remand [Doc. 21], is **GRANTED**, the Commissioner's Final Decision in this case is **REVERSED**, and Ms. Valencia's claim is **REMANDED** for further proceedings consistent with this decision.

_____
Jerry H. Ritter
U.S. Magistrate Judge
Presiding by Consent